IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | |
| | : | Case No. 5:14-cr-19 (MTT) |
| CHRISTIAN M. MACKEAN, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

**ORDER**

Defendant Christian M. MacKean entered a guilty to plea to one count of Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2), and was sentenced on May 7, 2015, to a term of 120 months in prison, followed by three years supervised release. (Doc. 59). He did not pursue a direct appeal from the judgment but filed a motion to modify or reconsider his sentence (Doc. 63), which was denied on January 20, 2017. (Doc. 74). He also filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 72), which was denied on August 17, 2016. (Doc. 102). More recently, he filed a motion for compassionate release (Doc. 118), which was denied on March 22, 2023. (Doc. 119).

Defendant has now filed a "Plea for Pardon/Motion for Determination of Declaration of Rights." (Doc. 120). It is not clear what specific relief this motion requests. Defendant files the motions in the name of "christian michael mackean ("Movant"), as acting attorney in this intervening cause for, CHRISTIAN M. MACKEAN ("Defendant")." (Doc. 120, p. 1). The motion begins with a recital of general complaints or objections about

the severity of his sentence and denial of his motion for compassionate release. It then moves into a litany of leading questions and propositions suggesting that "the Defendant, CHRISTIAN M. MACKEAN" is a piece of real property separate from "the real/true party of interest christian michael mackean," or possibly is a sea-going vessel, and that as a result either the person or the real property or the vessel is subject to release from custody.

This incoherent and incomprehensible jumble of nonsense is instantly recognizable as yet another variation of the "sovereign citizen" mythology that has defaced the dockets of every court in the country like so much graffiti on the side of a train. Defendant has repeatedly raised such arguments at various stages of this case, to no avail. These meaningless theories are consistently rejected by federal courts as frivolous. *See Santiago v. Century 21/PHH Mortgage*, No. 1:12-CV-02792, 2013 WL 1281776, at *5 (N.D. Ala. Mar. 27, 2013) ("The . . . theories of 'sovereign citizens' are not established law in this court or anywhere in this country's valid legal system."). *See also, e.g., United States v. Sterling*, 738 F.3d 228, 233 n.1 (11th Cir. 2013) (stating that "[c]ourts have been confronted repeatedly by [sovereign citizens'] attempts to delay judicial proceedings and have summarily rejected their legal theories as frivolous"); *Linge v. State of Georgia Inc.*, 569 F. App'x 895, 896 (11th Cir. 2014) (finding the sovereign citizen argument to be to "wholly insubstantial and frivolous"); *Trevino v. Florida*, 687 F. App'x 861, 862 (11th Cir. 2017) (finding frivolous defendant's arguments that the state had no jurisdiction over him because he is a 'natural born, free ... [l]iving, breathing, flesh and blood human [being]' and that he must be released because the state breached a security agreement with him); *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) ("Regardless of an individual's claimed status

of descent, be it as a 'sovereign citizen," a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts.").

Because Defendant's motion is frivolous and does not request any legally cognizable relief, it is hereby **DENIED**.

**SO ORDERED**, this 15th day of September, 2023.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge
